UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DONTONIO R. KING, | Case No. 3:21-cv-01306-CL |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL REESE *et al.*, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff Dontonio R. King ("Plaintiff"), a self-represented litigant in custody at the Multnomah County Inverness Jail ("Inverness"), brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that defendants failed to protect him from being physically attacked by another individual in custody in violation of the Eighth Amendment.

1 – ORDER

The Court previously issued an order identifying several deficiencies in Plaintiff's complaint. (ECF No. 8.) Among other things, the Court noted that Plaintiff could not hold Michael Reese ("Reese") liable based solely on his supervisory role as the Multnomah County Sheriff, and that Plaintiff had not pleaded sufficient facts to state a claim for Reese's alleged failure properly to train his staff. The Court further noted that Plaintiff's allegations against Deputy King ("King") suggested that he merely was negligent in failing to keep Plaintiff and his assailant separate, and that negligence, without more, is insufficient to establish a failure to protect claim.

Plaintiff has filed an amended complaint, and Magistrate Judge Clarke referred review of the amended complaint to the undersigned district judge. In the amended complaint, Plaintiff refines his claims against defendants Reese and King, but also adds claims against new defendants: Multnomah County (the "County"); Chief Deputy of Corrections Steven Alexander ("Alexander"); Facility Commander Kurtiss Morrison ("Morrison"); and Facility Commander Jeffery Wheeler ("Wheeler").

Plaintiff alleges that on January 6, 2021, King allowed Plaintiff and another individual, Dyes, out of their cells at the same time despite a long-standing order requiring Inverness staff to keep them separate due to a previous physical altercation. (Am. Compl. (ECF No. 9), at 4.) Although Plaintiff and several other inmates reminded King about the keep separate order, King ignored them, stating that "[i]f [Plaintiff and Dyes] fight, so what, they [will] just fight." (*Id.*) Once released from his cell, Dyes attacked Plaintiff, who suffered a bite to his thumb that required medical attention. (*Id.* at 5.)

To state a failure-to-protect claim under the Eighth Amendment, Plaintiff must demonstrate that he was incarcerated under conditions that posed a "substantial risk of serious

2 – ORDER

harm," and that the defendant was "deliberately indifferent" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). A defendant is "deliberately indifferent" if he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," actually draws that inference, and nevertheless fails to take reasonable steps to mitigate the risk. *Id.* Where an individual in custody "seeks to hold [] prison employee[s] individually liable because another prisoner attacked him, [he] must establish individualized fault" on the part of each defendant. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

Despite several warnings that a keep separate order was in place and seemingly unmoved by the possibility of violence, King allowed Plaintiff and Dyes out of their cells at the same time, resulting in an attack on Plaintiff. Liberally construed, Plaintiff pleads sufficient facts to state a failure-to-protect claim against King,

However, Plaintiff does not allege that Reese, Alexander, Morrison, or Wheeler were personally involved in or aware of the January 6, 2021 incident, and Plaintiff's bare assertion that they collectively "allowed" King's conduct by "refus[ing] to reprimand [him] for multiple [episodes] of not protecting inmates"[1] fails to establish that each defendant, through his own individual actions, violated Plaintiff's constitutional rights. *See Edgerly v. City and Cnty. of S. F.*, 599 F.3d 946, 961 (9th Cir. 2010) (explaining that supervisorial liability may be established under Section 1983 only "where the supervisor 'was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation'") (quoting *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418 (9th Cir.

---

[1] The Court notes that Plaintiff alleges that King had several "write ups" for failing to uphold keep separate orders. Although the timing and underlying circumstances of these episodes are unclear, it appears that King had in fact been reprimanded for the conduct alleged prior to the incident at issue in this case.

3 – ORDER

2003)); *see also Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011) (explaining that "when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction"). Plaintiff's allegations thus fail to cure the deficiencies noted in the original complaint with respect to supervisorial liability.

In addition, to the extent Plaintiff alleges that Reese, Alexander, Morrison, and Wheeler "are guilty of not complying with the grievance process," individuals in custody do not have a "separate constitutional entitlement to a specific prison grievance procedure" *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Todd v. Cal. Dep't of Corr. and Rehabilitation*, 615 F. App'x 415, 415 (9th Cir. 2015) (affirming district court's dismissal of section 1983 claim "regarding the processing and handling of his prison grievances because prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure'"). Moreover, Plaintiff's assertion that the defendants' noncompliance with the grievance process is in retaliation for his filing of multiple grievances to complain about the grievance procedure is wholly conclusory and fails to state a claim. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (explaining that the Ninth Circuit has "repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient" to state a claim); *see also Drennon v. Blades*, Case No. 1:19-cv-00021-REB, 2019 WL 7195604, at *9 (D. Idaho Dec. 26, 2019) (explaining that "'bare allegations' of a retaliatory motive are insufficient to support a retaliation claim") (simplified).

Finally, a local government entity like the County "may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents." *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, a government entity may be liable under section 1983 "only when the entity itself is a moving force behind the deprivation[.]" *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981)) (internal

quotation marks omitted). The County is listed as a defendant in the case caption but is largely absent from the body of the amended complaint. Because Plaintiff pleads no facts from which the Court could infer that the County was the moving force behind the constitutional deprivation alleged, Plaintiff fails to state a claim against the County.

## CONCLUSION

For the reasons stated, Plaintiff's claims against the County, Reese, Alexander, Morrison, and Wheeler are DISMISSED and this action shall proceed against Defendant King.

IT IS SO ORDERED.

DATED this  28th  day of January, 2022.

        /s/Ann Aiken
Ann Aiken
United States District Judge